**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 09 2013, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**KIRK A. PINKERTON**
**SCOTT B. COCKRUM**
Hinshaw & Culbertson LLP
Schererville, Indiana

ATTORNEY FOR APPELLEES:

**SCOTT E. YAHNE**
Yahne Law, P.C.
Munster, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NEPHROLOGY SPECIALISTS, P.C., SHAHABUL ARFEEN, M.D., SANJEEV RASTOGI, M.D., MAHER AJAM, M.D. and RAIED ABDULLAH, M.D., | ) ) ) ) ) | |
| Appellants/Defendants/Counter Plaintiffs, | ) ) | |
| vs. | ) ) | No. 45A03-1212-CT-535 |
| ASIM CHUGHTAI, M.D., RAFAEL FLETES, M.D., KUPUSAMY UMAPATHY, M.D., A.J. PAMPALONE, D.O., BRYAN WALDO, M.D., STEVEN MISCHEL, D.O., MARISELA VARELA, M.D., DAVID ASHBACH, M.D., and KRISTOPH GIRICZ, M.D. | ) ) ) ) ) ) ) ) | |
| Appellees/Plaintiffs/Counter Defendants, | ) ) | |
| NEPHROLOGY SPECIALISTS, P.C., | ) ) | |
| Third Party Plaintiff, | ) ) | |
| vs. | ) | |
| NORTHWEST INDIANA NEPHROLOGY, P.C., DAN ZIMMERMAN, and JAYNE LLOYD, | ) ) ) | |

---

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Michael N. Pagano, Special Judge
Cause No. 45D09-1206-CT-11

---

**August 9, 2013**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Appellees (the "Departing Physicians") petition this court for rehearing of our decision dated June 27, 2013. In that opinion, we held that relevant board meetings and bylaw amendments resulted in non-compete provisions continuing in certain employment contracts, and reversed the trial court. We grant the Departing Physicians' petition for the limited purpose of clarifying our reference to testimony from the drafting attorney, and affirm our opinion in all other respects.

The Departing Physicians argue that we impermissibly reweighed evidence in our opinion. They argue that our reference to testimony from drafting attorney Seng, regarding intent behind the board resolution at issue, indicates that the document was inherently unclear and that we did not provide "the requisite deference to the Trial Court's interpretation of the evidence." Appellees' Petition for Rehearing at 7. To the contrary, attorney Seng's

testimony did not decide the issue of intent, nor did our reference to it indicate a belief that the document was inherently unclear. Rather, we concluded that the intent was to affirm the then-current bylaws, including all recent amendments, based on the language of the document. We cited to attorney Seng's testimony as further support for our conclusion, not as evidence on which we based our conclusion.

We have considered the Departing Physicians' other arguments in the petition for rehearing, and find them to be merely a reiteration of arguments presented in their original brief. We therefore clarify that reference to attorney Seng's testimony did not indicate that the document was inherently unclear, and affirm our opinion in all other respects.

FRIEDLANDER, J., and CRONE, J., concur.